### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**OCLC ONLINE COMPUTER**
**LIBRARY CENTER, INC.,**

      **Plaintiff,**

                                            **Civil Action 2:24-cv-144**
      **v.**                                   **Judge Michael H. Watson**
                                            **Magistrate Judge Elizabeth P. Deavers**

**ANNA'S ARCHIVE,** *et al.***,**

      **Defendants.**

### ORDER

This matter is before the Court on Plaintiff's Notice of Voluntary Dismissal of Defendant Maria Matienzo.  (ECF No. 48.)  It appears Plaintiff seeks to use Federal Rule of Civil Procedure 41(a)(1)(A)(i) to dismiss Plaintiff's claims against Defendant Maria Matienzo from this action with prejudice.  Rule 41(a)(1)(A)(i), however, is not the proper means for such a dismissal.

Federal Rule of Civil Procedure 41(a) allows a plaintiff "to dismiss an *action* without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared[.]" Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added).  Federal Rule of Civil Procedure 21, however, allows the Court "[o]n motion or on its own . . . [to] add or drop a *party* . . . [or] sever any claim against a *party*."  Fed. R. Civ. P. 21 (emphasis added).  The United States Court of Appeals for the Sixth Circuit has suggested, without conclusively deciding, "that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21" as opposed to Rule 41.  *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)); *see also Philip Carey Mfg. Co.*

*v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim' . . . [Rule 21] is the one under which any action to eliminate [individual defendants] should be taken."); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (finding that Rule 21 is proper procedural vehicle to dismiss individual claims or parties).

Because the Notice does not seek to dismiss all of the claims in this action, Plaintiff cannot proceed pursuant to Rule 41.  Accordingly, Plaintiff's Notice of Voluntary Dismissal is ineffective.  (ECF No. 48.)  Plaintiff's claims remain pending against Defendant Maria Matienzo.

**IT IS SO ORDERED.**


                                            **/s/ *Elizabeth A. Preston Deavers***
**DATED:  April 14, 2025**                **ELIZABETH A. PRESTON DEAVERS**
                                            **UNITED STATES MAGISTRATE JUDGE**