### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

OCLC, Inc.,

      Plaintiff,

      v.

Anna's Archive, f/k/a
Pirate Library Mirror, *et al.*,

      Defendants.

Case No. 2:24-cv-144

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff Online Computer Library Center, Inc. ("OCLC") sued "pirate library" Defendant Anna's Archive, alleging that Anna's Archive scraped OCLC's public and private data in violation of Ohio law. *See generally* ECF No. 1. Because data scraping implicates complex novel state-law issues, this Court resolved to certify questions about data scraping to the Ohio Supreme Court. ECF No. 47.

OCLC now asks this Court to reconsider that decision. ECF No. 49. OCLC argues that the Court should resolve whether federal law preempts any of its Ohio-law claims before certifying. *Id.* at 2–11. And OCLC regurgitates its view on the sufficiency of its allegations. *Id.* at 11–20.

Because certification may avoid constitutional questions of preemption, and because OCLC presents nothing new or groundbreaking on the sufficiency of its allegations, the Court **DENIES** OCLC's motion to reconsider.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows trial courts to relieve a litigant from a prior Order in only six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993) (citation omitted).

OCLC's arguments sound in Rules 60(b)(1) and 60(b)(2).

Rule 60(b)(1) provides relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order. *United State v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

Under Rule 60(b)(2), evidence is considered "newly discovered" only if it was previously unavailable. *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d

804, 834 (6th Cir. 1999).  And, to warrant relief under Rule 60(b)(2), the new evidence must be "material and controlling" such that it "clearly would have produced a different result if presented before the original judgment."  *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).

## II.    ANALYSIS

### A.    Under the constitutional avoidance doctrine, certification must precede preemption here.

Federal courts practice "constitutional avoidance" whenever practicable. *See Spector Motor Serv., Inc. v. McLaughlin*, 323 U.S. 101, 103 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not pass on questions of constitutionality . . . unless such adjudication is unavoidable."); *see also Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 345–48 (1936) (Brandeis, J., concurring).

The constitutional avoidance doctrine often manifests as a "last resort" rule, according to which federal courts "will not decide a constitutional question if there is some other ground upon which to dispose of the case." *Bond v. United States*, 572 U.S. 844, 855 (2014) (citing *Escambia Cnty. v. McMillan*, 466 U.S. 48, 51 (1984), and *Ashwander*, 297 U.S. at 347 (Brandeis, J., concurring)).

Unclear state law supplies fertile ground for this "last resort" rule; that is, federal courts routinely practice constitutional avoidance by certifying unclear questions of state law.  *See, e.g., Planned Parenthood of Cincinnati Region v.*

*Strickland*, 531 F.3d 406, 410–11 (6th Cir. 2008); *see also Spector*, 323 U.S. at 103 ("[F]ederal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding [state or] local law"); *Jones v. Coleman*, 848 F.3d 744, 754 (6th Cir. 2017).

When the answer to an unresolved question of state law might avoid a preemption issue, constitutional avoidance principles push federal courts to certify those unresolved questions. *See, e.g., Glover v. Bausch & Lomb Inc.*, 6 F.4th 229, 236–41, 43–44 (2d Cir. 2021) (certifying a question on the applicability of a state-law tort before analyzing whether it was preempted). Preemption is a constitutional doctrine, emanating from the Supremacy Clause, after all. *See Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000) (citing U.S. Const. art. VI, cl. 2).

This Court is correct to certify before conducting a preemption analysis here. By certifying whether data scraping gives rise to any Ohio tort law claims, the Court may avoid the preemption issue altogether. If data scraping does not give rise to any tort, then the Court need not undertake any preemption analysis. But even if data scraping does give rise to some tort or torts but not others, then the Court need only undertake a preemption analysis for the subset of applicable torts. Thus, the Court's certification-before-preemption approach ensures that its preemption analysis will be no broader than necessary. The Court therefore concludes it did not make "a substantive mistake of law or fact" in its last Opinion

and Order by forgoing a preemption analysis. Nor does any other Rule 60(b) reason justify relief from the Court's Opinion and Order on this point.

In sum, fidelity to the doctrine of constitutional avoidance compels this Court to certify now and (if necessary) analyze preemption later.

**B. OCLC offers no "newly discovered" "controlling" evidence establishing the sufficiency of its breach of contract allegations.**

Anna's Archive admitted to scraping WorldCat.org again in December 2024, after OCLC sued but before this Court resolved to certify. OCLC argues this fact is "newly discovered" evidence that warrants reconsideration. But it does not because that evidence is neither "new" nor "controlling."

The evidence is not new because it was not "previously unavailable." *See, e.g., N.E. Ohio Coalition for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 881 (S.D. Ohio 2009). The December 2024 post was available for months before this Court published its March Opinion and Order.

Even if the evidence were new, it would not "control" the sufficiency of OCLC's breach of contract claim. Without guidance from the Supreme Court of Ohio on the "knowledge" standard to apply to browsewrap terms, OCLC's new evidence would control only if it would satisfy any conceivable standard. The December 2024 post does not. Rather, the post supports a mere propensity inference: if Anna's Archive was willing to knowingly breach OCLC's terms in December 2024, then it more likely did the same before. But the post hardly shows that Anna's Archive had knowledge of OCLC's terms in the past. OCLC's

purported "new evidence" thus does not prove that, under any possible standard, Anna's Archive had knowledge of OCLC's browsewrap terms.  Nor do OCLC's other allegations.  The Court thus finds no "new evidence" or "substantive mistake of law or fact" warranting reconsideration of the Court's prior Opinion on OCLC's contract claim.  So the Court will still invite the Supreme Court of Ohio to set the "knowledge" standard before this Court evaluates the sufficiency of OCLC's breach of contract allegations.

**C.    Nor did the Court err in resolving to certify questions on the sufficiency of OCLC's unjust enrichment, tortious interference, and trespass to chattels claims.**

For its unjust enrichment, tortious interference, and trespass to chattels claims, OCLC rehashes old arguments—which this Court considered and rejected in resolving to certify.  Yet, "a motion for reconsideration is not properly used as a vehicle to re-hash old arguments[.]"  *Smith ex rel. Smith v. Mt. Pleasant Pub. Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)); *State Farm Mut. Automobile Ins. Co. v. Angelo*, 95 F.4th 419, 435 (6th Cir. 2024) ("Motions for reconsideration are 'not an opportunity to re-argue a case,' and 'should not be used liberally to get a second bite at the apple'" (citations omitted)), *cert. denied*, 145 S. Ct. 264 (2024).  Seeing no manifest error, the Court concludes that nothing warrants reconsideration of its prior Opinion on these claims.  The Court will invite the Supreme Court of Ohio to set the standards before this Court evaluates the sufficiency of OCLC's allegations.

### III.  CONCLUSION

The Court **DENIES** OCLC's Motion for Reconsideration.  The Court maintains its resolve to certify questions to the Supreme Court of Ohio. The Clerk shall terminate ECF No. 49.

In its Motion to Reconsider, OCLC notes that it is willing to withdraw its Motion for Default Judgment on its statutory and conversion claims.  Mot. 12 n.2; ECF No. 49.  But the mere withdrawal of the request for default judgment will not impact the Court's resolve to certify questions about those claims.  So long as OCLC presses these claims, their resolution will require certification.

OCLC also requests leave to amend its Complaint.  The Court **GRANTS** OCLC that leave, and **ORDERS** OCLC to file its Second Amended Complaint, if it so chooses, by **April 25, 2025.**

The Court will then certify questions to the Supreme Court of Ohio.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**