UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OCLC, Inc.,

    Plaintiff,

v.

Anna's Archive, f/k/a
Pirate Library Mirror, *et al.*,

    Defendants.

Case No. 2:24-cv-144

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

OCLC, Inc. ("Plaintiff") renews its motion for default judgment for certain claims against Anna's Archive, f/k/a Pirate Library Mirror ("Defendant"). Mot., ECF No. 57. For the following reasons, the motion is **GRANTED in part** and **DENIED in part.**

### I. BACKGROUND

The Court's March 21, 2025, Opinion and Order denying without prejudice Plaintiff's motion for default judgment, ECF No. 47, contains a complete background of the facts, the parties, and the claims set forth in the Complaint, and the Court will not repeat this background here.

Plaintiff filed its Complaint on January 12, 2024. Compl., ECF No. 1. It served Defendant on March 28, 2025. ECF No. 17. After Defendant failed to plead or otherwise defend as required by law, the Clerk entered default against it. ECF No. 39. Plaintiff now moves for default judgment for its breach-of-contract,

unjust enrichment, tortious-interference-with-contract, and trespass claims.[1] Mot., ECF No. 57 at PAGEID # 947.  Defendant has not responded.

## II.  STANDARD OF REVIEW

Applications for default judgment are governed by Federal Rule of Civil Procedure 55(b)(2).  "Following the clerk's entry of default pursuant to . . . R[ule] 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven."  *Wood v. Bronzie*, No. 1:20-cv-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (internal quotation marks and citation omitted).  "To do so, the civil rules require that the party moving for a default judgment must present some evidence of its damages."  *Id.* (internal quotation marks and citation omitted).  However, the Court need not hold an evidentiary hearing "if the Court can determine the amount of damages by computation from the record before it."  *Id.* (citation omitted).

## III.  ANALYSIS

The Court has considered the Complaint, the motion for default judgment, and all attachments to the same.  The Court now considers its preemption concern followed by the merits of the remaining state-law claims.

---

[1] Plaintiff does not move for default judgment on its tortious interference of prospective business relationships, conversion, violation of Ohio Revised Code § 2913.04, and civil conspiracy claims.  Mot., ECF No. 57 at PAGEID # 948.  In addition, Plaintiff does not seek monetary damages.  *Id.*

### A. Federal Preemption

As an initial matter, in its March 21, 2025, Opinion and Order, the Court raised concerns that federal copyright law may preempt Plaintiff's state-law claims. ECF No. 47 (citing *X Corp. v. Bright Data Ltd.*, 733 F. Supp. 3d 832, 852–53 (N.D. Cal. 2024) (breach of contract preempted)); *cf. Snap-On Bus. Solutions Inc. v. O'Neil & Assocs.*, 708 F. Supp. 2d 669, 680–81 (unjust enrichment claim preempted).

Federal statutes preempt state-common-law claims "to the extent of any conflict." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000) (citing U.S. Const. art. VI, cl. 2).

Section 301 of the Copyright Act provides that:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as defined by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (1994). "In sum, under § 301, a state common law or statutory claim is preempted if [both prongs] are met: (1) the work is within the scope of the 'subject matter of copyright,' as specified in 17 U.S.C. §§ 102, 103; and, (2) the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citation omitted). Here,

though the first prong weighs in favor of preemption, the second prong on three of the claims does not.

### 1.  Subject Matter Requirement

Here, the first prong favors federal preemption of all four state-law claims. Plaintiff contends that WorldCat.org and the underlying WorldCat data are not "works of authorship" under § 102. Mot., ECF No. 57 at PAGEID # 961. Rather, Plaintiff maintains that the WorldCat data is a service, procedure, process, or system that makes the data and record search thereof accessible to its users. *Id.* (citing 17 U.S.C. § 201(b) (which provides that copyright protection does not extend to an "idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.")).

Even still, at its core, WorldCat.org and its data is an online database that, as Plaintiff explains, provides users with an arrangement and enhancements in searching for works, and courts find that federal copyright law protects such databases. *Cf. Snap-On*, 708 F. Supp. 2d at 685 (collecting cases and finding that, in ruling on summary judgment, plaintiff sufficiently established its database was protected copyright). The Court thus concludes that WorldCat.org and its underlying data is the subject matter of federal copyright law.

### 2.  Equivalency Requirement

Next, the Court considers whether any of Plaintiff's state-law claims are equivalent to a copyright claim (i.e., preempted) or whether the claims require

Plaintiff to allege an extra element beyond what is required of a copyright claim (i.e., not preempted). *Wrench LLC*, 256 F.3d at 456.

To begin, federal copyright law does not preempt Plaintiff's breach-of-contract claim. Unlike a federal copyright claim, Plaintiff must prove that there was offer and acceptance of WorldCat.org's Terms and Conditions to state a claim for breach of contract. *See Championx, LLC v. Resonance Sys.*, 726 F. Supp. 3d 786, 829 (E.D. Tenn. 2024) (finding that the plaintiff had met the "additional element" requirement because it must prove the "existence of an enforceable written contract between the parties").

In addition, the WorldCat.org Terms and Conditions require more than that Defendant to refrain from distributing, displaying, or disclosing the data—specifically, Defendant may not "use the data for commercial use, harvest 'material amounts' of data, [ ] distribute, display, or disclose the data, [or] store the data." Compl. ¶ 58, ECF No. 1. *See SNMP Rsch., Inc. v. Extreme Networks, Inc.*, No. 3:20-cv-451, 2025 WL 1643483, at *12 (M.D. Tenn. June 9, 2025) (finding that the license gave the plaintiffs "a right they do not have under copyright law—'the right to be paid for the use of the work'" (quoting *Wrench*, 256 F.3d at 456)); *see also Championx, LLC.*, 726 F. Supp. 3d at 829 (finding that "the License Agreement contains a provision that the user must seek prior written consent from Windrock prior to assigning, sublicensing, or transferring the Windrock MD software [ ]. The License Agreement also contains a provision that the user is required to 'take all reasonable steps to safeguard the licensed

programs' [ ]. Viewing the License Agreement as a whole, the Court concludes that plaintiff's breach of contract claim involves more than a mere promise to refrain from copying or displaying the work, and therefore, is not preempted by the Copyright Act" (cleaned up)). Therefore, the Court concludes that Plaintiff's breach-of-contract claim is not preempted by federal copyright law.

Second, federal copyright law preempts Plaintiff's unjust enrichment claim. An unjust enrichment claim is preempted by federal copyright law when there is no additional element beyond proving that the defendant allegedly profited from the copyrighted material. *Best v. AT&T Mobility LLC*, No. 1:12-cv-564, 2015 WL 1125539, at *10 (S.D. Ohio Mar. 10, 2015) (finding that the unjust enrichment claim was preempted by federal copyright law). Here, Plaintiff's unjust enrichment claim fails to assert an additional element and thus fails as to the second prong. Accordingly, Plaintiff's motion for default judgment as to the unjust enrichment claim is **DENIED**[2].

Third, federal copyright law does not preempt Plaintiff's tortious-interference-with-contract claim. Under Ohio law, the elements of a tortious-interference-with-contract claim are: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional

---

[2] Even if the unjust enrichment claim is not preempted by federal copyright law, Plaintiff is not entitled to recover for an unjust enrichment claim when, as discussed below, it is entitled to judgment on its breach-of-contract claim. *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, No. 2:19-CV-3486, 2022 WL 195077, at *7 (S.D. Ohio Jan. 21, 2022).

procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *Libertas Techs., L.L.C. v. Cherryhill Mgmt.*, No. 1:10-cv-935, 2012 WL 1714932, at *7 (S.D. Ohio May 14, 2012) (ruling on motion to dismiss and quoting *PNH, Inc. v. Alfa Laval Flow, Inc.*, 958 N.E.2d 120, 128 (Ohio 2011)). Because "[t]hese elements go beyond copying protected material and fundamentally change the nature of a copyright claim," Plaintiff's tortious-interference-with-contract claim is not preempted by federal copyright law. *Id.*

Last, federal copyright law does not preempt Plaintiff's trespass-to-chattels claim. Courts distinguish between trespass-to-chattels claims where the plaintiff alleges that the defendant trespassed upon a possessory interest of website data and where the defendant trespassed upon the physical computer servers; the latter is not preempted by federal copyright law. *Snap-On Bus. Solutions Inc.*, 708 F. Supp. 2d at 680 (concluding that the trespass-to-chattels claim was not preempted under federal copyright law because the defendant trespassed on the plaintiff's physical computer servers (citing *Ebay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1072 (N.D. Cal. May 23, 2000) ("The right to exclude others from using physical personal property is not equivalent to any rights protected by copyright and therefore constitutes an extra element that makes trespass qualitatively different from a copyright infringement claim."))).

Here, Plaintiff alleges a physical intrusion on its personal property—specifically, the data scraping damaged and slowed Plaintiff's servers and networks. Mot., ECF No. 57 at PAGEID # 964. This amounts to an additional

element beyond federal copyright law, so Plaintiff's trespass-to-chattels claim is not preempted.

### B. State-Law Claims

Because they are not preempted, the Court next considers whether Plaintiff is entitled to default judgment on the merits of its breach-of-contract, tortious-interference-with-contract, and trespass-to-chattels claims.

#### 1. Breach of Contract

The elements of a breach-of-contract claim under Ohio law include: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff from the breach. *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (applying Ohio law).

As discussed in the Court's March 2025 Order, ECF No. 47, it is unclear under Ohio law whether Ohio courts enforce browsewrap[3] agreements, like the one here. The courts that have enforced browsewrap agreements focus on whether the website user had "actual or constructive knowledge of the site's terms and conditions prior to using the site," such that the user may be bound by a browsewrap agreement for the purposes of a breach-of-contract claim. *Snap-*

---

[3] Contracts on the internet roughly divide into clickwrap and browsewrap. *Nguyen v. Barnes & Noble Inc.*, 763 F. 3d 1171, 1175–76 (9th Cir. 2014). Clickwrap requires a website user to manifest assent to terms (usually by clicking an "I agree" box) before the user can access the portion of the site to which the terms apply. *Id.* Browsewrap, by contrast, does not require a user to manifest assent to a website's terms before the user can access the site. *Id.* Rather, browsewrap assumes assent to the site terms based on mere use of the site. *Id.* WorldCat.org assumes users assent to the Terms based on mere use of the site, so its Terms are therefore browsewrap. Compl. ¶ 58 ECF No. 1.

On Bus. Solutions Inc., 708 F. Supp. 2d at 682; *Traton News, LLC v. Traton Corp.*, 914 F. Supp. 2d 901, 910 (S.D. Ohio 2012) (finding that the browsewrap agreement was unenforceable because basic contract principles were not met, and, unlike cases similar to *Snap-On*, the defendant did not benefit from its use of the website); *Rudolph v. Wright Patt Credit Union*, 175 N.E.3d 636, 652 (Ohio Ct. App. 2021) ("Browsewrap agreements are 'enforceable against a website visitor who had constructive notice of a website's terms and conditions (usually because they were prominently displayed), and repeatedly accesses that website.'"); *see also X Corp.*, 733 F. Supp. 3d at 847 (finding actual notice of the browsewrap agreement because the defendant was a sophisticated party and was scraping the site daily).

Given the Ohio Supreme Court's denial of certification on this issue, this Court joins the others and considers whether Plaintiff alleged that Defendant had "actual or constructive knowledge of the site's terms and conditions prior to using the site." *Snap-On Bus. Solutions Inc.*, 708 F. Supp. 2d at 682.

Though Plaintiff does not assert that it prominently displayed the WorldCat.Org Terms and Conditions on its website, it has sufficiently alleged that Defendant had constructive notice because Defendant is a sophisticated party that scraped data from Plaintiff's website daily. Indeed, Plaintiff contends that Defendant is "the world's largest shadow library" and that it is operated by a team of anonymous archivists. Compl. ¶¶ 61, 64, ECF No. 1. That team allegedly uses "usernames as pseudonyms to mask their identities, employ[s] domain

proxy services, and omit[s] identifying information on [Defendant's] domain/websites and blog" to remain anonymous. *Id.* ¶ 65. Notably, in October 2022, Defendant allegedly began scraping and harvesting WorldCat.org, and Plaintiff suffered persistent attacks for roughly a year. *Id.* ¶ 75. To accomplish such scraping and harvesting, Defendant allegedly used search bots (automated software applications) that "called or pinged the server directly" and appeared to be "legitimate search engine bots from Bing and Google." *Id.* ¶ 76. The Court is satisfied that Plaintiff alleged that Defendant is a sophisticated party and scraped WorldCat.org daily, such that it had constructive knowledge of the browsewrap agreement therein.

As for the merits of the breach-of-contract claim, Plaintiff is entitled to default judgment. First, Plaintiff alleges the existence of a contract. Under the WorldCat.org Terms and Conditions, Plaintiff allegedly agreed to grant Defendant a license to use the WorldCat.org data, and Defendant, in exchange for the use of the site, allegedly agreed to "not use such data for commercial use, harvest material amounts of data, to distribute, display, or disclose the data, or store the data." *Id.* ¶ 123. Second, by providing Defendant with access to WorldCat.org and its data, Plaintiff alleges that it performed its obligation under the contract. *Id.* ¶ 124. Next, Plaintiff maintains that Defendant breached the contract by harvesting and scraping the WorldCat.Org data; using the data for commercial use; displaying, distributing and disclosing the data; and permanently storing the data. *Id.* ¶ 125. Finally, Plaintiff asserts that, because of Defendant's breach, it

has suffered damages—namely, injury to its business, loss of customer goodwill, and other intangible assets. *Id.* ¶ 126. Plaintiff's motion for default judgment as to the breach-of-contract claim is therefore **GRANTED**.

### 2. Tortious Interference with Contract

To establish a tortious-interference-with-contract claim, a [p]laintiff must show "(1) the existence of a contract [with a third party], (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Noco Co. v. Reclaimed Assets Grp., LLC*, No. 1:21-CV-1833, 2022 WL 17817430, at *3 (N.D. Ohio Dec. 20, 2022) (citing *NCR Corp. v. Korala Assocs., Ltd.*, 512 F.3d 807, 817 (6th Cir. 2008)). A claim for tortious interference with a contract "requires the plaintiff to prove, as an element, an actual breach of contract." *Lamson & Sessions Co. v. Peters*, 576 F. App'x 538, 542 (6th Cir. 2014) (citing *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 858 (Ohio 1999)).

In its Complaint, Plaintiff fails to allege that any third party breached a contract. *See* Compl. ¶¶ 120, 135-42, ECF No. 1. Plaintiff has thus failed to state a claim for tortious interference with contract.[4] Plaintiff's motion for default judgment regarding the tortious-interference-with-contract claim is **DENIED**.

---

[4] In the Court's March 21, 2025, Opinion and Order, ECF No. 47, the Court found that (among other things) Plaintiff failed to state a claim for tortious interference with contract and granted Plaintiff leave to amend the Complaint to cure such deficiencies. To date, Plaintiff has not amended its Complaint.

### 3. Trespass to Chattels

To make a claim for trespass to chattels under Ohio law, Plaintiff "must show it had a possessory interest in the chattel and that [Defendant]: (1) dispossessed [Plaintiff] of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived [Plaintiff] of the chattel's use for a substantial time; or (4) caused bodily harm to [Plaintiff] or to some person or thing in which [Plaintiff] had a legally protected interest." *Snap-On Bus. Solutions Inc.*, 708 F. Supp. 2d at 678 (finding the plaintiff stated a claim for trespass to chattels where the scraper program caused the website to crash, run slowly, and generate customer complaints (citations omitted)).

Though the Court initially questioned whether Plaintiff has sufficiently alleged the data scraping here dispossessed or deprived it of its website such that it amounted to trespass under Ohio law, the unique posture of this case warrants a finding of default in favor of Plaintiff on this claim. Indeed, while it is unclear how significant the dispossession and deprivation must be under Ohio law, the Ohio Supreme Court denied certification on this issue, Plaintiff has established that Defendant crashed its website, slowed it, and damaged the servers, and Defendant admitted to the same by way of default. Thus, Plaintiff's motion for default judgment on its trespass-to-chattels claim is **GRANTED**.

## IV. CONCLUSION

Plaintiff's motion for default judgment, ECF No. 57, is **GRANTED in part** and **DENIED in part**. Plaintiff is **GRANTED** default judgment on Counts I and IX and **DENIED** default judgment on Counts II and III.

Defendant and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them, are hereby **PERMANENTLY ENJOINED** from:

- Scraping or harvesting WorldCat data from WorldCat.org or OCLC's servers;
- Using, storing, or distributing the WorldCat data on Anna's Archive's websites; and
- Encouraging others to scrape, harvest, use, store, or distribute WorldCat data.

Defendant must also delete all copies of WorldCat data in possession of or easily accessible to it, including all torrents.

Plaintiff **SHALL** file a status report within **THIRTY DAYS** of this Opinion and Order, suggesting next steps on the claims for which the Court denied default judgment, unless it files a motion to dismiss its remaining claims against Defendant before then. The Clerk shall terminate ECF No. 57.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**