## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| OCLC, Inc. | **Case No. 2:24-cv-00144-MHW-EDP** |
| **Plaintiff,** | |
| | **Judge Michael H. Watson** |
| v. | |
| | **Magistrate Judge Elizabeth A.** |
| **ANNA'S ARCHIVE, f/k/a PIRATE LIBRARY MIRROR, et al.,** | **Preston Deavers** |
| **Defendants.** | |

## PLAINTIFF OCLC, INC.'S MOTION TO DISMISS COUNTS II, III, IV, V, VI, VII, VIII, X, XI, AND XII

Under Federal Rule of Civil Procedure 21, Plaintiff OCLC, Inc. moves this Court to sever

Counts II, III, IV, V, VI, VII, VIII, X, XI, and XII from this action without prejudice for the reasons

set forth below.

Respectfully submitted,

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker (0096567), Trial Attorney
Traci L. Martinez (0083989)
Kathryn M. Brown (0100426)
Brittany N. Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2700
Fax: +1 614 365 2499
jeffrey.walker@squirepb.com
traci.martinez@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com

*Counsel for Plaintiff OCLC, Inc*

## <u>MEMORANDUM OF LAW</u>

On November 17, 2025, Plaintiff OCLC, Inc. ("OCLC") filed its Renewed Motion for Default Judgment Against Defendant Anna's Archive. Renewed Mot. for Default Judgment, Dkt. 57. The Court granted default judgment on Counts I and IX and denied default judgment on Counts I and II. Jan. 15, 2026, Opinion & Order, Dkt. 58. As a result of the default judgment on Counts I and IX, OCLC at this time no longer seeks relief from Defendant Anna's Archive on the remaining counts. Instead, OCLC seeks a final judgment on Counts I and IX. Therefore, and because severing the remaining counts will not prejudice Anna's Archive, OCLC moves to sever and dismiss Counts II, III, IV, V, VI, VII, VIII, X, XI, and XII without prejudice.

## BACKGROUND

On January 12, 2024, OCLC filed this action asserting claims against Defendants Anna's Archive, Maria Dolores Anasztasia Matienzo, and other unnamed defendants, stemming from Anna's Archive's illegal hacking and scraping of OCLC's WorldCat.org. Compl., Dkt. 1. OCLC asserted twelve causes of action: (i) breach of contract, (ii) unjust enrichment, (iii) tortious interference of contract, (iv) conspiracy to tortiously interfere with contract, (v) tortious interference with prospective business relationships, (vi) conspiracy to tortiously interfere with prospective business relationships, (vii) civil recovery for criminal acts in violation of Ohio Revised Code § 2913.04, (viii) conspiracy to violate Ohio Revised Code § 2913.04, (ix) trespass to chattels, (x) conspiracy to trespass to chattels, (xi) conversion, and (xii) conspiracy to convert OCLC's property. *Id.* at PageID 21–34.

Due to the intentionally concealed physical addresses and other identifying information about Anna's Archive and the individuals behind it, the Court granted OCLC's Motion to Serve Defendant Anna's Archive by Email. Mar. 22, 2024 Opinion & Order, Dkt. 14. OCLC served

Anna's Archive at all known email addresses in accordance with the Court's order, and Anna's Archive has failed to respond to the Complaint or participate in this action. Accordingly, OCLC properly obtained an entry of default from the clerk on June 28, 2024. June 28, 2024 Entry of Default, Dkt. 39. On January 15, 2026, the Court granted default judgment on Counts I and IX and denied default judgment on Counts I and II. Jan. 15, 2026 Opinion and Order, Dkt. 58.

**LAW AND ARGUMENT**

Rule 21 of the Federal Rules of Civil Procedure states, "the Court may [] sever any claim against a party." Rule 21 is the proper procedural vehicle by which a party may seek dismissal of fewer than all claims in an action. *E.g.*, *Murray Energy Corp. v. Cassidy, Cogan, Chappell, & Voegelin, L.C., et al.*, 2:18-cv-440, 2020 WL 4201666, at *1 (S.D. Ohio July 22, 2020). *Cf.* Fed. R. Civ. P. 41 ("Dismissal of Actions").

When evaluating a Rule 21 motion to dismiss, courts rely on Federal Rule of Civil Procedure 41 standards as guidance for analyzing potential prejudice to defendants. *Murray*, 2020 WL 4201666, at *1–2; *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017). A prejudice analysis "protect[s] defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Murray*, 2020 WL 4201666, at *1 (quoting *Wilkerson*, 2017 WL 401212, at *2). The Rule 41(a)(2) factors that a court considers in evaluating prejudice include: "(1) the amount of time, effort and expense the defendant has incurred in trial preparation; (2) any excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether a defendant has filed a motion for summary judgment." *Powell v. Honda of Am. Mfg., Inc.*, No. CIV.A. 2:06-CV-

2

979, 2008 WL 2872273, at *3 (S.D. Ohio July 22, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

OCLC now seeks dismissal without prejudice of the remaining counts on which this Court has not granted default judgment. And here, all Rule 41 factors indicate that Anna's Archive will not suffer any prejudice if the Court grants OCLC's motion to dismiss without prejudice. First, Anna's Archive has put no time or effort into this case; it has chosen not to appear and defaulted, thus not incurring any time, effort, or expense in preparing for trial. Second, OCLC has not delayed prosecuting this action. OCLC has diligently pursued its claims against Anna's Archive throughout this litigation. Third, OCLC seeks a final judgment against Anna's Archive in this action. Since a default judgment that does not dispose of all the claims among all partes is not a final judgment, dismissal of these claims is necessary to resolve this litigation. Finally, there are no summary judgment motions pending before the Court, as Anna's Archive has not participated in this lawsuit.

## CONCLUSION

For the reasons above, Plaintiff OCLC, Inc. respectfully requests that Counts II, III, IV, V, VI, VII, VIII, X, XI, and XII are severed without prejudice pursuant to Rule 21.

Respectfully submitted,

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker (0096567), Trial Attorney
Traci L. Martinez (0083989)
Kathryn M. Brown (0100426)
Brittany N. Silverman (0102263)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: +1 614 365 2700
Fax: +1 614 365 2499
jeffrey.walker@squirepb.com

3

traci.martinez@squirepb.com
kathryn.brown@squirepb.com
brittany.silverman@squirepb.com

*Counsel for Plaintiff OCLC, Inc.*

## CERTIFICATE OF SERVICE

On January 30, 2026, this document and the accompanying attachment was filed electronically with the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division, which will electronically serve a copy of the foregoing on all counsel of record for all parties, and will be served upon Anna's Archive at the following email addresses:

AnnaArchivist@proton.me
AnnaDMCA@proton.me
AnnaArchivist+security@proton.me
domainabuse@tucows.com

*/s/ Jeffrey M. Walker*
Jeffrey M. Walker
*An Attorney for Plaintiff OCLC, Inc.*